Anthony Wayne WHITE, Appellant,

v.

The STATE of Texas, Texas Department of Criminal Justice–Institutional Division, Felix Gordon, Edgar Petters and Marcial Foisie, Appellees.

No. 09–00–429 CV.

Court of Appeals of Texas, Beaumont.

Submitted Jan. 30, 2001.

Decided March 1, 2001.

Anthony Wayne White, Iowa Park, pro se.

John Cornyn, Attorney General of Texas, Randall Huntsinger, Assistant Attorney General of Texas, Austin, for appellee.

Before WALKER, C.J., BURGESS, and GAULTNEY, JJ.

## OPINION

GAULTNEY, Justice.

This is an appeal from the dismissal of appellant Anthony Wayne White's lawsuit pursuant to Chapter 14 of the Texas Civil Practice and Remedies Code.[1]

White, a prison inmate, sued the State of Texas, the Texas Department of Criminal Justice—Institutional Division ("TDCJ"), and three TDCJ employees for causes of action under the Texas Tort Claims Act (TEX. CIV. & PRAC. REM.CODE ANN. §§ 101.001–101.066 (Vernon 1997 & Supp. 2001)) and for alleged violations of 42 U.S.C. § 1983 (Supp.2000). According to White, he was deprived of food when he failed to shave and he was thereby punished without due process of law. Appellees filed a motion to dismiss which was predicated on the alleged failure of White's pleadings to comply with the procedural requirements of Chapter 14; the trial court subsequently dismissed White's suit on those grounds.

Special procedural rules set out in Chapter 14 govern inmate litigation (except for suits brought under the Texas Family Code) in which the inmate files an affidavit or unsworn declaration of inability to pay costs. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.002 (Vernon Supp.2001); *see also Walker v. Gonzales County Sheriff's Dep't,* No. 13–99–436–CV, 2000 WL 1808280 at *19 (Tex.App.—Corpus Christi, Dec.7, 2000, no pet. h.). The trial court has broad discretion to dismiss a suit brought pursuant to Chapter 14 as frivolous or malicious, and we review that dismissal under the abuse of discretion standard. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 14.003(a)(2); *see also McCollum v. Mt. Ararat Baptist Church, Inc.,* 980 S.W.2d 535, 536 (Tex.App.—Houston [14th Dist.] 1998, no pet.).

In moving to dismiss White's suit, TDCJ contended White did not comply with section 14.004 in the following manner: (a) he failed to adequately state the "operative facts" in his prior lawsuits, and (b) he failed to provide the date of any final order that affirmed the dismissal of any of his previous suits as frivolous or malicious. The trial court's order expressly dismissed White's claim as frivolous for failure to comply with § 14.004. We address only the "failure to state operative facts" ground, since it is dispositive of this appeal.

White raises two points of error on appeal. We initially address point of error two wherein White, in effect, contends that a trial court cannot dismiss a claim as frivolous under section 14.004, but must do so, if at all, under either section 13.001 or section 14.003. White is correct in stating that section 14.003 gives the trial court authority to dismiss a claim the court finds to be frivolous or malicious. *Bell v. Texas Dep't of Criminal Justice—Institutional Div.,* 962 S.W.2d 156, 157 (Tex. App.—Houston [14th Dist.] 1998, pet. denied). However, "[i]n determining whether the suit is frivolous or malicious, the court may consider, among other things,

---

1. The references in this opinion to Chapter 14 are to TEX. CIV. PRAC. & REM.CODE ANN.

§§ 14.001–14.014 (Vernon Supp.2001).

whether the claim is substantially similar to a previous claim filed by the inmate because the claims [sic] arises from the same operative facts." *Id.* at 157–58. Stating the "operative facts" from previous suits filed by the inmate is a requirement of section 14.004 and is one of the considerations a trial court employs in determining whether a suit is frivolous or malicious. If an inmate's suit fails to comply with the procedural requirements of section 14.004, including the "operative facts" provision, the suit may be dismissed. *See Samuels v. Strain,* 11 S.W.3d 404, 407 (Tex.App.— Houston [1st Dist.] 2000, no pet.) (Appellate court affirmed dismissal of suit on grounds that prison inmate failed to comply with requirements of section 14.004.). There is no merit to White's contention that the trial court cannot dismiss a suit pursuant to the inmate's failure to comply with the procedural requirements of section 14.004. We overrule point of error two.

■ In point of error one, White argues the trial court abused its discretion in dismissing his suit for failure to comply with the section 14.004 requirements. In his view, he listed the "operative facts," or at least "made an attempt to the best of his knowledge to fully comply [with] ... Chapter 14.004." Section 14.004 provides, in pertinent part, as follows:

> § 14.004. Affidavit Relating to Previous Filings
>
> (a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall file a separate affidavit or declaration:
>
> (1) identifying each suit, other than a suit under the Family Code, previously brought by the person and in which the person was not represented by an attorney, without regard to whether the person was an inmate at the time the suit was brought; and
>
> (2) describing each suit that was previously brought by:
>
> (A) stating the operative facts for which relief was sought;

> (B) listing the case name, cause number, and the court in which the suit was brought;
>
> (C) identifying each party named in the suit; and
>
> (D) stating the result of the suit, including whether the suit was dismissed as frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.
>
> . . . .

TEX. CIV. PRAC. & REM.CODE ANN. § 14.004(a) (Vernon Supp.2001).

In the instant case, White filed an "unsworn declaration" with his petition in an attempt to comply with section 14.004. For his thirty-four (34) previous suits, he listed the parties, the court, the cause number, the approximate date of filing on the majority of his cases, the case name, and the disposition of the suit. For each filing, he also included an entry for the "operative facts," which he described variously as "no evidence and double jeopardy," "143 lost credit while on parole," "misuse of state property," "strip search," "due process violation," "excessive use of force," "denial access to court and publication," denial of "due process/cruel and unusual punishment," "food poison," "no talking policy," "filming in the nude," and "libelous, malicious prosecution."

■ In fifteen (15) of his prior filings, White describes the operative facts as "strip searches." Five (5) suits state the operative facts as "due process violations," three (3) as denial of access to the courts, two (2) as "misuse of state property," and two (2) as excessive use of force. White's description of the "operative facts" in each prior suit is, in effect, a designation of a legal theory, not a statement of the "operative facts" of the case. Based on the listing he has submitted, it is impossible for the trial court to determine for example, whether the five suits labeled as "due process violations" are duplicative of the present case; here, he has also alleged he

was deprived of due process of law. White argues the existence of different cause numbers and different defendants in each of his suits means the operative facts are automatically different. His argument, however, is flawed; he could have filed separate lawsuits against different defendants, all involving the same occurrence. The trial court had no way of determining from his statement of "operative facts" whether the prior "due process" suits were duplicative of this one. We have reviewed and evaluated White's *pro se* pleadings by less stringent standards than those applied to formal pleadings drafted by attorneys. *See Lentworth v. Trahan*, 981 S.W.2d 720, 722 (Tex.App.—Houston [1st Dist.] 1998, no pet.). Even under less stringent standards, however, White's description of "operative facts" in legal theory terms does not satisfy the requirement of the statute.[2]

■ Chapter 14's purpose is to reduce duplicative inmate litigation by requiring the inmate to identify previous litigation and its outcome. *See Bell*, 962 S.W.2d at 157. The trial court is able to determine, based on previous filings, whether the inmate has filed similar claims and whether the current suit is frivolous. Based on White's failure to comply with section 14.004, the trial court was entitled to presume the current suit was frivolous or malicious and to dismiss the suit. *Id.*

Although we have previously addressed the "operative facts" issue in an unpublished opinion[3] and held a listing similar to the one contained in this case was sufficient to meet Chapter 14's procedural requirements, we have now reconsidered our prior holding and today hold otherwise. We, therefore, conclude the information

White provided regarding "operative facts" was not sufficiently specific to enable the trial court to determine that his claim did not arise from the same operative facts.

■ It is well-settled that the dismissal of a suit for an inmate's failure to comply with section 14.004 is not an abuse of discretion. *See Samuels*, 11 S.W.3d at 406–407. Because White did not comply with the requirements of section 14.004, we hold the trial court did not abuse its discretion in dismissing his suit. White's point of error one is overruled. We affirm the judgment of the trial court.

AFFIRMED.

BURGESS, Justice, dissenting.

I respectfully dissent. As the majority notes, this is not the first time we have visited the issue of a section 14.004 dismissal. In *Thomas v. Bush*, 23 S.W.3d 215, 218 (Tex.App.—Beaumont 2000, pet. denied), we acknowledged the purpose of section 14.004 is to curb the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial court of previous litigation and the outcome. *Id.* (citing *Bell v. Texas Dept. of Criminal Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex.App.—Houston [14th Dist.] 1998, pet. denied)). In *Bell*, the Fourteenth Court of Appeals stated

The purpose of sections 14.003 and 14.004 is obvious: the Texas Legislature recognized the problem of constant, often duplicative, inmate litigation in this state, and sought to reduce it by requiring the inmate to notify the trial court of previous litigation and the outcome. In this way, the trial court could determine, based on previous filings, if the suit was

---

**2.** White argues he should have been given an opportunity to amend his pleadings before dismissal. However, Chapter 13 (an earlier inmate litigation statute) did not require that an inmate suing thereunder be given an opportunity to amend his pleadings before dismissal. *See Kendrick v. Lynaugh*, 804 S.W.2d 153, 156 (Tex.App.—Houston [14th Dist.] 1990, no writ). Neither do we find such a provision in Chapter 14. Pursuant to section

14.003(a), a court may dismiss a claim, either before or after service of process. "Accordingly, the trial court is under no duty to suggest voluntarily that the appellant amend his pleadings." *Id.*

**3.** Our unpublished opinion is *White v. Johnson*, No. 09–99–387–CV, 2000 WL 300519 (March 23, 2000, no pet.).

frivolous because the inmate had already filed a similar claim.

*Bell,* 962 S.W.2d at 158.

The *Bell* court also noted:

While Bell did list four previous filings, he did not state the operative facts for which relief was sought in those suits, nor did he identify each party to the suits. *See id.* at § 14.004(a)(2)(A) & (C).

Without that information, the trial court was unable to consider whether Bell's current claim is substantially similar to a previous claim. *See id.* at § 14.003(b)(4).

*Id.,* 962 S.W.2d at 158. Clearly the *Bell* court required the trial judge to look at all aspects of the section 14.004 affidavit rather than focus narrowly on the "operative facts" statement.

The majority claims "The trial court had no way of determining from his statement of 'operative facts' whether the prior 'due process' suits were duplicative of this one."

I disagree. The petition in the instant case alleges White was denied food on June 8 and 9, 1998 as punishment for refusing to shave. The suit was filed against the TDCJ and Felix Gordon, Edgar Petters, and Marcial Foisie. In reviewing the list of suits contained in White's section 14.004 affidavit, there are only three filed subsequent to June 9, 1998 [1], all still pending at the time White filed this lawsuit. Therefore, this lawsuit is not duplicative of any previous lawsuit and that fact can easily be gleaned from White's section 14.004 affidavit. Consequently, the trial judge, in my view abused his discretion in dismissing the lawsuit. I would reverse and remand.

---

1.  One against Sally Carrier alleging filming in the nude;  one against Lloyd Davis and Michael Prevost for excessive use of force;  and one against Anthony Lawrie and J. Matthews for libel and malicious prosecution.