NO. 12-01-00243-CV



IN THE COURT OF APPEALS



TWELFTH COURT OF APPEALS DISTRICT



TYLER, TEXAS




CARL AUBREY BUTLER,
§
 APPEAL FROM THE THIRD

APPELLANT


V.
§
 JUDICIAL DISTRICT COURT OF


TEXAS DEPARTMENT OF CRIMINAL

JUSTICE - INSTITUTIONAL DIVISION,
§
 ANDERSON COUNTY, TEXAS

APPELLEE







PER CURIAM


 Carl Aubrey Butler ("Appellant"), an inmate in the Texas Department of Criminal Justice-
Institutional Division ("TDCJ"), proceeding pro se, filed an in forma pauperis petition under the
Texas Tort Claims Act (1)
 against the TDCJ. The trial court dismissed Appellant's suit with prejudice
pursuant to Chapter 14 of the Texas Civil Practice & Remedies Code. Appellant raises two issues
on appeal. We modify and, as modified, affirm.


Background

 Appellant is an inmate. Appellant filed suit on April 20, 2001 under the Texas Tort Claims
Act alleging that a guard at TDCJ had committed an assault against Appellant. In conjunction with
his original petition, Appellant also filed a declaration of previous lawsuits, in which he designated
three previous actions. Beneath each designation, Appellant also set forth generally the legal theories
raised in each suit, but did not detail the facts surrounding any of the suits. The trial court dismissed
Appellant's suit with prejudice due to Appellant's failure to comply with Chapter 14 of the Civil
Practice and Remedies Code. 


Dismissal Pursuant to Texas Civil Practice 

and Remedies Code Chapter 14

 Appellant argues that the trial court's dismissal was improper. We review the trial court's
dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson v. Moya, 926
S.W.2d 397, 398 (Tex. App.- Waco 1996, no writ). A trial court abuses its discretion if it acts
arbitrarily, capriciously and without reference to any guiding rules or principles. Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.- Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.- Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because: (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrue
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.- Tyler 1994, no writ).

 Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs. (2) 
Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon Supp. 2002); Hickson, 926 S.W.2d at 398. 
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. §
14.003(a)(2) (Vernon Supp. 2002). In determining whether a claim is frivolous or malicious, a trial
court may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the "same operative facts." Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the "operative facts" upon which relief was sought. Id. at § 14.004(a)(2)(A).

 In the case at hand, the record contains no affidavits or unsworn declarations in accordance
with Texas Civil Practice and Remedies Code section 14.004. Appellant filed a declaration listing 
previous lawsuits filed, but failed to sufficiently detail the "operative facts" upon which relief was
sought in each suit. Rather, Appellant did little more than address what legal theories were raised
in his previous suits. Without a more detailed description of the operative facts surrounding
Appellant's previous lawsuits, the trial court was unable to consider whether Appellant's current
claim was substantially similar to his previous claims. See Bell v. Texas Dep't. of Criminal Justice
- Inst. Div., 962 S.W.2d 156, 158 (Tex. App.- Houston [14th Dist.] 1998, pet. denied). 

 The Beaumont Court of Appeals has recently addressed this very issue in White v. State, 37
S.W.3d 562 (Tex. App.- Beaumont 2001, no writ). In White, the court held that "White's
description of the 'operative facts' in each prior suit is, in effect, a designation of a legal theory, not
a statement of the 'operative facts' of the case. Id. at 564. The court continued, "based on the listing
[White] has submitted, it is impossible for the trial court to determine for example, whether the five
suits labeled as 'due process violations' are duplicative of the present case." Here, Appellant's
classification of his three previous suits as "§ 1983" actions likewise does little to enable the trial
court to determine if his present action is substantially similar to his previous lawsuits.

 When an inmate files an affidavit or declaration which fails to comply with the requirements
of section 14.004, "the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous." Bell, 962 S.W.2d at 158. A declaration
that does not set forth the requisite details about previous lawsuits filed by that inmate, even if the
only detail is that no previous lawsuits have been filed, does not comport with the requirements of
section 14.004. Accordingly, the trial court did not abuse its discretion when it dismissed
Appellant's suit. Id. Appellant's first issue is overruled.


Dismissal With Prejudice

 Appellant next contends that it was improper for the trial court to dismiss his action with
prejudice. A dismissal with prejudice constitutes an adjudication on the merits and operates as if the
case had been fully tried and decided. See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999). 
Thus, orders dismissing cases with prejudice have full res judicata and collateral estoppel effect,
barring subsequent relitigation of the same causes of action or issues between the same parties. See
Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992). On the other hand, a
dismissal for failure to comply with the conditions in section 14.004 is not a dismissal on the merits,
but rather an exercise of the trial court's discretion under chapter 14 of the Civil Practice and
Remedies Code. See Thomas v. Knight, 52 S.W.3d 292, 295 (Tex. App.- Corpus Christi 2001, no
pet.); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.- Houston [14th Dist.] 2000, no pet.). 
Further, a dismissal with prejudice is improper if the plaintiff's failure can be remedied. See
Hickman, 35 S.W.3d at 125. 

 The Corpus Christi Court of Appeals recently addressed this issue in Thomas v. Skinner, 54
S.W.3d 845 (Tex. App.- Corpus Christi 2001, pet. denied). Thomas's lawsuit was dismissed
pursuant to chapter 14 because Thomas failed to include an affidavit or declaration describing each
suit that he had previously filed. Id. at 846. Holding that the dismissal with prejudice was improper,
the court stated:


 When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's
suit, it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. (citation omitted). In the present
case, we find that Thomas's failure to comply with chapter 14 could have been remedied through
amendment. Therefore, we sustain Thomas's first issue. 


Id. at 847. In the case at hand, Appellant's error, like Thomas's, could have been remedied through
more specific pleading. Therefore, we hold that the trial court's dismissal with prejudice was
improper. Appellant's second issue is sustained. 

 We modify the trial court's order of dismissal by deleting the words "with prejudice" and
substituting in their place the words "without prejudice." As modified, the trial court's dismissal
order is affirmed.

Opinion delivered February 28, 2002.

Panel consisted of Davis, C.J., Worthen, J., and Griffith, J.





(DO NOT PUBLISH)
1. Tex. Civ. Prac. & Rem. Code Ann. § 101.001, et seq. (Vernon 1997 & Supp. 2002).

2. Chapter 14 does not apply to suits brought under the Family Code. Tex. Civ. Prac. & Rem. Code Ann. §
14.002(b) (Vernon Supp. 2002).