In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-052 CV


____________________



HERBERT HINES, Appellant



V.



JAMES ZELLER, ET AL, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV19,302






OPINION


 Five issues are raised in this appeal by an inmate from an order dismissing his suit
as frivolous. Herbert Hines filed a personal injury suit against twenty-four employees and
one inmate of the Texas Department of Criminal Justice, Institutional Division. (1) Hines
alleged that, since he filed suits in 1996 and 1998, he has been continuously subjected to
acts of harassment, wanton and unnecessary physical use of excessive force, and concocted
disciplinary actions. Although Hines attached the grievance forms to demonstrate that he
had exhausted his administrative remedies, none of the government employees named in
the suit are the subject of the initial grievance. The Step 1 grievance form that Hines filed
with his petition refers only to an alleged assault by an inmate named Lampkin on April
16, 2001, that resulted in an injury to Hines's left eye. The Step 1 administrative decision,
which was signed by James Zeller, states that no action was necessary because the incident
had been documented and a recommendation for his transfer has been made. The Step 2
grievance form stated that Hines was dissatisfied with the resolution of the Step 1
grievance because the transfer was in retaliation for his legal activities. The Step 2
grievance was resolved on May 29, 2001. An inmate's declaration regarding exhaustion
of administrative remedies states that Hines received the resolution of the Step 2 grievance
on June 9, 2001. The petition is dated July 9, 2001, and was filed on July 13, 2001. 

 Hines's first issue complains that the trial court failed to set the case for a jury trial,
as required by the Texas Rules of Civil Procedure and guaranteed by the Texas
Constitution. See Tex. Const. Art. 1, §15; Tex. Const. Art. 5, § 10; Tex. R. Civ. P.
216. Both Article 1, § 15, and Article 5, § 10 authorize the Legislature to pass laws
regulating the right to a jury trial. Id. The trial court dismissed the suit pursuant to the
provisions of Chapter 14 of the Texas Civil Practice and Remedies Code, which the
Legislature enacted in the exercise of its constitutionally granted regulatory power. See
Tex. Civ. Prac. & Rem. Code §§ 14.001-.014 (Vernon Supp. 2002). 

 Hines failed to comply with Chapter 14. An inmate who files an unsworn
declaration of inability to pay costs must file a separate declaration describing all suits
previously filed by the inmate and that states the operative facts for which relief was
sought in each of the prior suits. Tex. Civ. Prac. & Rem. Code §§ 14.004(a)(2)(A)
(Vernon Supp. 2002). Hines filed a declaration regarding previous filings, but did not
state the operative facts of the five suits mentioned in the declaration. Cause No. 9:98-CV-191, a federal suit dismissed as frivolous on March 26, 2001, in which James Zeller
was a defendant, is identified only as "§ 1983 from operative fact." Cause No. CIV17514,
which was dismissed on the defendant's motion, includes Loyd Massey as a defendant and
is described only as "Petition initiating judicial review: operative fact." Another dismissed
frivolous suit, Cause No. 018240, which includes John Doe defendants, bears only the
description, "Operative fact: Texas Tort Claim Act." "Operative fact: Petition initiating
judicial review" is the description Hines provided for Cause No. 018427, which was
dismissed with prejudice September 5, 2000 and counted among its defendants Wayne
Scott, Gary Johnson, Lepherd Jankins, Loyd Massey, Levory J. Bailey, Jr., Gary Hunter,
Mark Tomblin, and Victor Boston. The fifth suit, No. 9:00-CV-230, is described as
"Operative factor: 42 U.S.C. § 1983 from," and shares defendants Wayne Scott, Lephard
Jankins, Gary Johnson, Loyd Massey, and Harris Jackson. There is a substantial overlap,
in claims brought and defendants involved, between the suits described in the declaration
and the case before the trial court. In addition, Hines alleged the wrongful acts of the
defendants commenced in 1996, potentially including all of the suits, most of which had
already been determined to be frivolous. Although two of the listed suits may be the very
suits for which Hines claims he has been subjected to harassment, by not complying with
Section 14.004, Hines relinquished his opportunity to assure the trial court that he was not
bringing duplicative claims. The trial court was entitled to presume the current suit was
frivolous or malicious and to dismiss the suit. White v. State, 37 S.W.3d 562, 565 (Tex.
App.--Beaumont 2001, no pet.). Issue one is overruled. 

 Hines's next two issues complain that the trial court clerk and court reporter did not
perform their duties. We understand these issues to argue that the appellant was entitled
to issuance of citation and a recorded evidentiary hearing. The trial court is authorized to
dismiss an indigent inmate's frivolous suit prior to service of process. See Tex. Civ.
Prac. & Rem. Code §14.003(a) (Vernon Supp. 2002). No abuse of discretion is shown
in the denial of an evidentiary hearing, where the inmate does not demonstrate that there
is evidence he would have presented had a hearing been held. Hall v. Treon, 39 S.W.3d
722, 724 (Tex. App.--Beaumont 2001, no pet.). Issues two and three are overruled.

 Issue four contends the trial court erred in failing to rule on Hines's motion for a
speedy trial. A mere six months elapsed between the filing of the suit and its final
disposition. Furthermore, as discussed earlier in this opinion, the trial court could dismiss
the suit under Chapter 14 of the Civil Practice and Remedies Code because Hines failed
to comply with the requisites for pursuing a suit as an indigent person. Hines states in his
brief that he would have introduced an affidavit regarding the date he received the Step 2
grievance if the trial court had scheduled an evidentiary hearing. However, Hines did not
make such an affidavit part of the record. Nor was the trial court required to file findings
of fact and conclusions of law, as suggested in the appellant's brief. The appellant's suit
was dismissed prior to any hearings or trial; thus, no facts were ever introduced into
evidence, and findings of fact and conclusions of law would have been inappropriate. 
Timmons v. Luce, 840 S.W.2d 582, 586 (Tex. App.--Tyler 1992, no writ). We find no
abuse of discretion arising from the denial of a jury trial or evidentiary hearing. Issue four
is overruled. 

 Issue five asks this Court to examine the record for collusion between the trial
court's officers and one or more of the defendants. Hines offers no argument or authority
for this issue, as required by Tex. R. App. P. 38.1(h). Nothing in the record supplies the
appellant's argument for him. Furthermore, nothing in the record would support a claim
of disqualification or recusal. See Tex. R. Civ. P. 18b. Issue five is overruled. The
judgment is affirmed.

 AFFIRMED.


 PER CURIAM


Submitted on July 23, 2002

Opinion Delivered August 15, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The appellees are Wayne Scott, Gary Johnson, Lepherd Jankins or Junkins, James
Zeller, Robert Chance, Loyd Massey, Gary Hunter, Timothy Lester, Mark Tomblin,
Victor D. Baston or Boston, Levory J. Bailey, Jr., Billie Reese, Dmaidrell, David
McLeod, Michael Melin, Peggy Haggard or Hoggard, Warren Warthy or Worthy, Harris
Jackson, Lean or Leon W. Guinn, Sandra Rutherford, Kevin Folson, George Johnson,
Jeffrey Welch, Roy Simon, and Marcy Lampkin or Lumpkin. From the inmate number
appearing after Lampkin's name, we presume he is an inmate and not an employee of the
Department.