Affirmed and Opinion filed September 5, 2002









Affirmed
and Opinion filed September 5, 2002.

 

 

 

 

 

 

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-01-00848-CV

____________

 

GIL STEWART, Appellant

 

V.

 

TEXAS
DEPARTMENT OF CRIMINAL JUSTICE C
INSTITUTIONAL DIVISION ET AL., Appellees

 



 

On
Appeal from the 12th District Court

Walker County, Texas

Trial
Court Cause No. 21,092

 



 

O
P I N I O N

Appellant,
Gil Stewart, appeals the trial court=s order dismissing his suit against the Texas Department of
Criminal Justice (TDCJ) and several TDCJ employees pursuant to Chapter 14 of
the Texas Civil Practice and Remedies Code. 
We affirm.            








Gil
Stewart, an inmate proceeding pro se and in forma pauperis,
sought injunctive, declaratory and monetary relief against appellees
for alleged violations of the United States and Texas Constitutions, the Texas
Tort Claims Act, and Texas civil statutes. 
Specifically, Stewart claims the State utilized defective property,
retaliated against members of a prospective class action, concealed such
retaliation, and refused to issue Stewart a properly fitting pair of
shoes.  The Texas Attorney General filed
an amicus curiae motion to dismiss based on Stewart=s
failure to disclose previous pro se lawsuits as required by section
14.004 of the Texas Civil Practice and Remedies Code.  The trial court granted the motion and
dismissed Stewart=s claims without prejudice on May 14, 2001.  This appeal followed.         We review a trial court=s dismissal of an inmate=s claims under section 14.004 under an abuse-of-discretion
standard.  Clark v. J. W. Estelle Unit,
23 S.W.3d 420, 421 (Tex.
App.CHouston [1st Dist.]
2000, pet. denied).  Section 14.004 of
the Civil Practice and Remedies Code requires an inmate who files an affidavit
or unsworn declaration of inability to pay costs to
file a separate affidavit or declaration identifying all suits the inmate
previously filed as a pro se plaintiff, describing the operative facts
for which relief was sought in each suit and stating the result of each
suit.  See Tex. Civ. Prac. & Rem. Code Ann. '
14.004(a) (Vernon Supp. 2002).  The
purpose of section 14.004 is to curb constant, often duplicative, inmate
litigation by requiring an inmate to notify the trial court of previous litigation
and the outcome.  Bell v. Texas Dep=t of Crim. JusticeCInst.
Div., 962 S.W.2d 156, 158 (Tex. App.CHouston [14th Dist.] 1998, pet. denied).  If the inmate has filed a similar claim the
trial court may dismiss the suit as frivolous. 
Id.  Without stating the
operative facts for which relief was sought in prior suits, the trial court is
unable to consider whether the current claim is substantially similar to a
previous claim.  Clark,  23 S.W.3d at
422.  Thus, the trial court is entitled
to assume the suit is substantially similar to a previously filed suit by the
inmate and is therefore frivolous.  Id.;
Bell, 962 S.W.2d at 158.  Here, Stewart admits his pleadings were not
in compliance with the requirements of Chapter 14.  Accordingly, the trial court did not abuse
its discretion in dismissing the suit.  See
Clark, 23 S.W.3d at 422; Bell, 962 S.W.2d
at 158. 








Stewart
argues that trial courts practice Aautomatic mandatory dismissals@ and that this practice is in conflict with the plain language
of section 14.003(a).  Chapter 14
provides that a trial court may dismiss a frivolous claim.  Nothing in the record suggests the trial
court believed that dismissal of Stewart=s claims was mandatory and not discretionary.  Furthermore, our review of the record
indicates that the trial court properly exercised its discretion in dismissing
the case without prejudice. 

Stewart
further argues that dismissal of a pro se action under Chapter 14 holds
the pleadings of an uneducated prisoner to a higher standard than licensed
counsel and that inmates should not be expected to Asubmit
papers at the level expected of licensed counsel.@  Chapter 14 specifically
applies to inmates, but no language in the statute suggests that an inmate,
appearing pro se, is held to a higher standard than an attorney.  While we review a pro se plaintiff=s
pleadings by less stringent standards, a pro se litigant is held to the
same standards as licensed attorneys and must comply with applicable laws and
rules of procedure.  See Holt v. F.F.
Enters., 990 S.W.2d 756, 759 (Tex. App.CAmarillo 1998, no pet.).  If pro
se litigants were not required to comply with applicable rules of
procedure, they would be given an unfair advantage over those represented by
counsel.  Greenstreet
v. Heiskell, 940 S.W.2d 831, 835 (Tex. App.CAmarillo 1997, no writ), reh=g
denied, 960 S.W.2d 713 (per curiam). 
Accordingly, Stewart=s pleadings must comply with the procedural requirements of
Chapter 14; he concedes they do not. 








Stewart
further claims the term Aoperative facts@
is unconstitutionally vague
and ambiguous.  We find no authority
supporting this claim.  While Chapter 14
does not define Aoperative facts,@ this court has previously stated the Aoperative
facts@
requirement is met when a party lists facts underlying a previous suit between
the parties.  See Hickman v. Adams,
35 S.W.3d 120, 124 (Tex.
App.CHouston [14th Dist.]
2000, no pet.) (holding dismissal was proper where
appellant failed to state any operative facts for which relief was sought); see
also White v. State, 37 S.W.3d 562, 564-65 (Tex. App.CBeaumont 2001, no pet.) (discussing what constitutes Aoperative
facts@
under section 14.004).  To survive a
vagueness challenge, a statute need only be Aset out in terms that the ordinary person exercising ordinary
common sense can sufficiently understand and comply with.@  Comm=n
for Lawyer Discipline v. Benton,
980 S.W.2d 425, 437 (Tex. 1998) (quoting United States Civil Serv. Comm=n
v. Nat=l Ass=n of Letter Carriers,
413 U.S. 548, 579, 93 S. Ct. 2880 (1973)). 
We conclude the statute is not unconstitutionally vague. 

Stewart
next claims the trial court erred when it refused to specifically point out the
operative facts Stewart failed to reference. 
Having no duty to do so, the trial court did not abuse its discretion in
refraining from curing Stewart=s pleading deficiencies. 
See Clark, 23 S.W.3d at 422 (AWe refuse to hold that a trial court must sift through numerous
documents supplied by an inmate in order to find the information required by
section 14.004.@).  

Finally,
Stewart claims the trial court abused its discretion by signing the Attorney
General=s
proposed dismissal order, claiming this action does not amount to proper
judicial review.  However, Stewart admits
he failed to comply with Chapter 14, thus making dismissal of his claims
appropriate.  Further, Rule 305 of the
Texas Rules of Civil Procedure states that A[a]ny party
may prepare and submit a proposed judgment to the court for signature.@  Tex.
R. Civ. P. 305.  The trial court
did not err in signing the order as prepared by the Attorney General.   

Finding no error in the trial court=s
dismissal without prejudice of Stewart=s
claims, we affirm the trial court=s
judgment. 

 

 

 

/s/            Leslie
Brock Yates

Justice

 

 

Judgment rendered and Opinion filed
September 5, 2002.

Panel consists of Justices Yates, Seymore, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.3(b).