In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-491 CV


____________________



DWAYNE A. VALENTINE, Appellant



V.



TEXAS DEPARTMENT OF CRIMINAL JUSTICE, 


INSTITUTIONAL DIVISION, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 19,052






O P I N I O N


 Dwayne A. Valentine, an inmate, appeals the trial court's order dismissing his suit
against the Texas Department of Criminal Justice, Institutional Division ("TDCJ"). The
trial court determined Valentine's claims were frivolous under Section 14.003(b)(4) of the
Texas Civil Practices and Remedies Code and dismissed them with prejudice In ten issues,
Valentine raises various grounds to challenge the dismissal.

 The trial court found that Valentine failed to comply with § 14.004 (a) of the Civil
Practices and Remedies Code. (1)
 In particular, the trial court found Valentine failed to file
an affidavit or declaration identifying each suit he had previously brought and failed to
provide additional information regarding each suit as required by the statute. 

 Included with Valentine's documents that he filed in this Court is a letter from him
to the Polk County District Clerk's office in which Valentine listed certain items he was
forwarding to the Clerk for filing. The letter, which has been stamped "Filed For Record"
by the District Clerk, states that a "Statement Relating to Previous Filings" was included
along with his (1) original petition, (2) exhaustion of administrative remedies, (3)
declaration of inability to pay costs, (4) notice. However, Valentine's "Statement Relating
to Previous Filings" is not part of the appellate record, and the Polk County District Clerk
has informed us that no such document has been filed in this cause. 

 It is not an abuse of discretion for the trial court to dismiss an inmate's suit for
failure to comply with section 14.004. See White v. State, 37 S.W.3d 562, 565 (Tex. 
App.--Beaumont 2001, no pet.). Because the record shows that Valentine did not comply
with section 14.004, we find the trial court did not abuse its discretion in dismissing his
suit. See also Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.--Beaumont 2001, no pet.).
Issues one through nine are overruled.

 We construe issue ten, however, as asserting the trial court improperly dismissed
the suit with prejudice. Dismissal with prejudice constitutes adjudication on the merits and
operates as if the case had been fully tried and decided. Mossler v. Shields, 818 S.W.2d
752, 754 (Tex. 1991). A dismissal for failure to comply with the rules governing the filing
of inmate litigation is not a ruling on the merits; accordingly, it is error to dismiss the suit
with prejudice if the inmate was not first provided with an opportunity to amend his
pleadings. See Hughes v. Massey 65 S.W.3d 743, 746 (Tex. App.--Beaumont 2001, no
pet.); see also Lentworth v. Trahan, 981 S.W.2d 720, 722-23 (Tex. App.--Houston [1st
Dist.] 1998, no pet.). The proper remedy is to modify the judgment by deleting the words
"with prejudice" and by substituting the words "without prejudice." Tex. R. App. P.
43.2(b); see Hickman v. Adams, 35 S.W.3d 120, 124-25 (Tex. App.--Houston [14th Dist.]
2000, no pet.). Issue ten is sustained.

 We modify the judgment to provide the cause is dismissed without prejudice. As
modified, the judgment is affirmed.

 AFFIRMED AS MODIFIED.


 PER CURIAM


Submitted on September 26, 2002

Opinion Delivered October 17, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. Section 14.004 of the Texas Civil Practices and Remedies Code provides, in
pertinent part:


(a) An inmate who files an affidavit or unsworn declaration of inability to pay costs shall
file a separate affidavit or declaration:


 (1) identifying each suit, other than a suit under the Family Code, previously
brought by the person and in which the person was not represented by an attorney, without
regard to whether the person was an inmate at the time the suit was brought; and

 (2) describing each suit that was previously brought by:

 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in which the suit was
brought;

 (C) identifying each party named in the suit; and

 (D) stating the result of the suit, including whether the suit was dismissed as
frivolous or malicious under Section 13.001 or Section 14.003 or otherwise.


Tex. Civ. Prac. & Rem. Code Ann. § 14.004(a) (Vernon Supp. 2002).