In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-069 CV


____________________



MARTIN ALLEN DRAUGHON, Appellant



V.



JANIE COCKRELL and GARY JOHNSON, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 20,228






MEMORANDUM TO CLERK


 You are directed to make the following corrections in the opinion dated July 31,
2003:

 On page 1, in the third sentence of the first paragraph, and on page 2 in the first
sentence of the first paragraph, change TDJC-ID to TDCJ-ID.

 You will give notice of the correction of the original opinion by sending a copy of
corrected pages 1 and 2, accompanied by this memorandum, to all interested parties who
received a copy of the original opinion.

 Entered this the 11th day of August, 2003.

 PER CURIAM

In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-03-069 CV


____________________



MARTIN ALLEN DRAUGHON, Appellant



V.



JANIE COCKRELL and GARY JOHNSON, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 20,228






O P I N I O N


 Martin Allen Draughon, an inmate, appeals the trial court's order dismissing his suit
against Janie Cockrell, Director of the Institutional Division of the Texas Department of
Criminal Justice, (TDCJ-ID), and Gary Johnson, Executive Director of TDCJ-ID. 
Draughon brings a single issue in which he asserts the trial court erred and abused its
discretion in dismissing his suit. The appellees did not file a brief.

 In his petition, Draughon alleged Smith Corona typewriters had been sold at TDCJ-ID commissaries for several years, with repair services also being available to the
purchasers. Draughon also alleged that subsequent to his typewriter purchase and initial
use of the repair service, appellees enacted a policy change that effectively has denied him
use of the repair services. Draughon complains that appellees (1) violated the Deceptive
Trade Practices-Consumer Protection Act, (2) violated his right to access to the courts,
(3)deprived him of property without due course of law, and (4) violated his equal
protection rights. 

 The trial court found Draughon's petition did not comply with Chapter 14 of the
Texas Civil Practices and Remedies Code and dismissed all claims against the appellees. 
Tex. Civ. Prac. & Rem. Code Ann. §§ 14.001-.014 (Vernon 2002).

 We agree. One requirement of Chapter 14 is that an inmate who files a claim 
subject to the grievance system, which is established under Section 501.008 of the
Government Code, must file an affidavit or unsworn declaration stating the date a
grievance was filed and the date a written decision was received, and also must file a copy
of the written decision. Tex. Civ. Prac. & Rem. Code Ann. § 14.005(a)(1)(2) (Vernon
2002). (1)
 Though Draughon attached to his petition copies of the grievance forms he
purportedly filed, he did not include an affidavit or unsworn declaration.

 The trial court has broad discretion to dismiss as frivolous or malicious a suit that
is subject to Chapter 14, and we review that dismissal under the abuse of discretion
standard. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002); see
White v. State, 37 S.W.3d 562, 563 (Tex. App.--Beaumont 2001, no pet.). We previously
have held that a trial court did not abuse its discretion by dismissing a suit when an inmate
did not file the affidavit related to previous filings as required under Section 14.004. See
Hall v. Treon, 39 S.W.3d 722, 724 ( Tex. App.--Beaumont 2001, no pet.) Similarly, the 
trial court is entitled to use an inmate's failure to file a Section 14.005 affidavit or unsworn
declaration in making its determination under Section 14.003(a). (2) 

 We find the trial court did not abuse its discretion in dismissing Draughon's suit. 
Draughon's issue is overruled. The trial court's judgment is AFFIRMED.

 PER CURIAM

Submitted on July 16, 2003

Opinion Delivered July 31, 2003



Before McKeithen, C.J., Burgess and Gaultney, JJ.
1. Section 501.008(a) of the Texas Government Code provides:


 (a) The department shall develop and maintain a system for the resolution of
grievances by inmates housed in facilities operated by the department or under contract
with the department that qualifies for certification under 42 U.S.C. Section 1997e and the
department shall obtain and maintain certification under that section. A remedy provided
by the grievance system is the exclusive administrative remedy available to an inmate for
a claim for relief against the department that arises while the inmate is housed in a facility
operated by the department or under contract with the department, other than a remedy
provided by writ of habeas corpus challenging the validity of an action occurring before
the delivery of the inmate to the department or to a facility operated under contract with
the department. Tex. Civ. Prac. & Rem. Code Ann. § 501.008(a) (Vernon 1998).

2. Unsworn declarations filed by inmates must be in writing and subscribed by the
person making the declaration as true under penalty of perjury. See Tex. Civ. Prac. &
Rem. Code Ann. §§ 14.001(6); 132.003 (Vernon 2002 & Vernon 1997).