In The


 

Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-09-00299-CV


 ____________________



PHILIP J. POHL, Appellant



V.



BILLEY HIRSCH, LINDA MARTIN, 


WARREN WORTHY, ET AL, Appellees






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. CIV 25015 






MEMORANDUM OPINION
 


 Philip J. Pohl, an indigent inmate, appeals the dismissal of his lawsuit. The trial court
ruled that the lawsuit is frivolous and dismissed it without prejudice. Pohl raises six issues
in his appeal. We hold that the trial did not abuse its discretion. Accordingly, we affirm the
judgment of the trial court.

 Pohl's first two issues complain that the trial court abused its discretion in applying
the statutory requirements for the affidavit of previous filings. See Tex. Civ. Prac. & Rem.
Code Ann. § 14.004 (Vernon 2002). In his first issue, Pohl contends the trial court acted
arbitrarily in dismissing his present suit because Pohl's affidavit of previous filings failed to
state the operative facts for which relief was sought. Pohl's second issue contends the trial
court arbitrarily dismissed his claim, without first providing an opportunity to amend, for
failing to state the date of the final order of dismissal for each previous filing that was
dismissed as frivolous or malicious. 

 Section 14.004, Texas Civil Practice and Remedies Code, provides in part, as follows:

 (a) An inmate who files an affidavit or unsworn declaration of inability to pay
costs shall file a separate affidavit or declaration:

 (1) identifying each suit, other than a suit under the Family Code,
previously brought by the person and in which the person was not represented
by an attorney, without regard to whether the person was an inmate at the time
the suit was brought; and

 (2) describing each suit that was previously brought by:

 (A) stating the operative facts for which relief was sought;

 (B) listing the case name, cause number, and the court in which 
 the suit was brought;

 (C) identifying each party named in the suit; and

 (D) stating the result of the suit, including whether the suit was 
 dismissed as frivolous or malicious under Section 13.001 or 
 Section 14.003 or otherwise.

 (b) If the affidavit or unsworn declaration filed under this section states that
a previous suit was dismissed as frivolous or malicious, the affidavit or
unsworn declaration must state the date of the final order affirming the
dismissal.


Tex. Civ. Prac. & Rem. Code Ann. § 14.004. "The purpose of Section 14.004 is to curb
the constant, often duplicative, inmate litigation, by requiring the inmate to notify the trial
court of previous litigation and the outcome." Thomas v. Bush, 23 S.W.3d 215, 218 (Tex.
App.--Beaumont 2000, pet. denied). Stating the operative facts in an affidavit aids the trial
court in determining whether the suit is substantially similar to a previously filed suit. 
Williams v. Tex. Dep't of Criminal Justice-Inst. Div., 176 S.W.3d 590, 593 (Tex. App.--Tyler
2005, pet. denied). 

 The trial court found that Pohl failed to comply with Section 14.004(a)(2)(A) and
Section 14.004(b). Pohl's affidavit of previous filings identified sixteen previous suits. Pohl
identified several of the filings as habeas corpus proceedings or suits and related appeals
concerning Pohl's right to be released from confinement. Other suits were identified as civil
rights suits or tort claims. Pohl described those suits, as follows:

 Cause No. 9:06-04-04

 What Title 42 U.S.A. § 1983

 Where U.S. District Court Lufkin, Texas

 Who Philip Pohl v. Brad Livingston, et al.

 When 2005-2006

 Grounds Executive board failed a ministerial duty of due process
mandated by must, shall and maximum, a duty that
created liberty interest in a procedure--yet ignored the
law and arbitrarily denied a priv[i]lege

 Result Denied as frivolous

 

 Cause No. 06-40850

 What Appeal of above § 1983

 Where Fifth Court of Appeals, New Orleans, LA

 Who Same Pohl v. Livingston, et al.

 When 2006-07

 Grounds District Court failed to address the issues and reapplied
the new statutes in an ex post facto violation just like the
district court had 

 Result Dismissed as frivolous with two strikes--!!!

 Cause No. CIV- 23,642

 What Complaint of severe abuse by Medical withdrawing and
wit[h]holding so actors could receive a bonus and insure
medical contractor and the state a higher profit and
collusively save the state expense of keeping the wards--BAD FAITH IN THE EXTREME!!!

 Where 258 District Court Polk County, Livingston, TX.

 Grounds Breach of duty, abuse of civil, human, and constitutional
rights that did and is causing wrongful[] deaths and
almost kill Pohl different times --

 When May 29 1:45 Pm 2007

 Result Dismissed without prejudice as frivolous -- (people being
murdered by o[]mision is deemed frivolous by Judge
Elizabeth Coker for a minor proc[e]dural fault that
should have been allowed to amend--Court also 'cleaned
out' the meager trust fund!!

 

 Cause No. 09-07-00258-CV (1)

 What Appeal of complaint # CIV-23,642 For a Mandamus

 Where Ninth Court of Appeals Be[a]umont, TX.

 Who Philip Pohl v. J. Chavers, et al. X Judge Coker

 When Sept. 2007

 Grounds Failure of Judge Coker to allow discovery

 Results Denied

 

 Cause No. 09-07285CV

 What Appeal of CIV- 23,642

 Where Ninth Court of Appeals Beaumont, TX

 Who Philip Pohl et al. v. J. Chavers, et al (4)

 When Sept. 2007

 Grounds Failure to allow discovery, failure to allow amending
minor procedural def[]iciency, deducted total trust fund
balance instead of 20% average of 6 month's deposits --

 Result Affirmed -- apparently prisoners have no right to redress
government wrongs even when the state constitution says
"ANY PERSON" and no bill of Attainder is allowed
unless it can be done "ON THE COOL BY USING AN
UNWRITTEN ONE BY COLLUSSION [sic] BY
FELLOW STATE ACTORS."

 

 Cause No. CIV-24,362

 What Complaint conta[in]ing 10 issues of official malfeasance
under Texas Tort Claims Act and

 Where 258 District Court Polk County, Livingston, TX.

 Who Philip J. Pohl et al. v 16 named and 4 un[n]amed state
officials and contract workers in their official and
individual capacity

 When April 1, 2008

 Grounds Assaults, deprivations of rights, thefts to cause fear to
complain, due process abridgments , equal rights to law,
right to redress,

 Result DISMISSED without prejudice because the Polunsky
Unit officials would not let me EXHAUST THE UNIT
GRIEVANCE SYSTEM by throwing AWAY MY
GRIEVANCES BLOCKING THE REQUIR[E]D
PROCESS!!!!!! ALL MOTIONS FOR DISCOVERY,
AND REQUESTS FOR FURTHER PUBLIC FACT
KNOWLEDGE WERE DENIED, ZERO LITIGATION.
. . .


 Cause No. 09-08-00367-CV

 What Appeal of Cause No. CIV-24,362 above for reasons
stated in []

 Where TEXAS NINTH COURT OF APPEAL, BEAUMONT

 Who Philip J. Pohl v Richard Alford, et al.

 When August 28, 2008

 Grounds Obvious abuse of discretion, erronours [sic] advice from
Attorney General[']s office, bias, prejudice, use of an
undisclosed Bill of Attainder as inmates do not have any
right to redress wrongs committed by officials..

 Result April 27, 2009 after Attorney Gene[r]als' been granted
extended time to file Brief of Appellees' - court will
consider the briefs as submitted..

 

 Cause No. D-1-GN-003712

 What Civil rights violations for Judicial Review of Ex-post-facto applications of law, hiding wrongful[] prejudice
and bias behind the 'complete Discretionaly [sic] Shield'
of capricious and hate-crime acts of personal vendet[t]a-trils [sic] constitutional violations of due process, equal
protection and .. more 

 Where 261 District Court, Travis County Austin..

 When October 7, 2008

 Results Pending service, answers to claims, discovery, etc. . .


 Pohl identifies a series of previous suits, not by their operative facts, but by the legal
theories and issues present in the suits. (2) In particular, the recitals regarding the more recent
of these suits cannot be excluded as duplications of the claim filed in this case. The trial
court is justified in dismissing a case when it cannot determine from the statement of
"operative facts" whether the prior lawsuits were duplicative of the present suit. (3) White v.
State, 37 S.W.3d 562, 564-65 (Tex. App.--Beaumont 2001, no pet.). 

 Pohl argues that his lawsuit should not be dismissed without first providing an
opportunity to cure. An inmate-filed in forma pauperis suit may be dismissed without
prejudice without first providing either notice or an opportunity to amend. Hughes v.
Massey, 65 S.W.3d 743, 745 (Tex. App.--Beaumont 2001, no pet.). When an inmate files
an affidavit that fails to comply with Section 14.004, "the trial court is entitled to assume that
the suit is substantially similar to one previously filed by the inmate, and therefore,
frivolous." Hall v. Treon, 39 S.W.3d 722, 724 (Tex. App.--Beaumont 2001, no pet.). In
determining whether a claim is frivolous, the trial court may consider whether "the claim is
substantially similar to a previous claim filed by the inmate because the claim arises from the
same operative facts." Tex. Civ. Prac. & Rem. Code Ann. § 14.003(b)(4) (Vernon 2002). 
Pohl failed to meet the requirements for an in forma pauperis suit filed by an inmate. We
overrule issues one and two. 

 Issue three contends the trial court abused its discretion by dismissing Pohl's claim
after Pohl filed a motion for default judgment. In his argument, Pohl complains that the trial
court set too stringent a standard for Pohl's Chapter 14 filings. Pohl's petition alleges that
Hirsch is an assistant warden with supervisory authority and that Martin and Worthy
investigate claims. The petition alleges that the appellees have disposed of submitted
grievance forms. The petition alleges that seven grievances on the same subject were filed
on the same day, that only two were returned to the inmate, that those two grievances were
denied, and that Pohl did not receive a response to the one grievance filed by him. Pohl also
alleged that Martin and Worthy ignored Pohl's informal requests for information. 

 Stating the operative facts in the affidavit of previous filings aids the trial court in
determining whether the suit is substantially similar to a previously filed suit. Williams, 176
S.W.3d at 593. In this case, it cannot be determined by comparison to the affidavit of
previous filings whether Pohl brought the present claims in his earlier lawsuits. See id. The
defect in Pohl's affidavit of previous filings is more than a technicality, as he argues, but
prevented the trial court from determining whether the prior suits were duplicative of the
present one. See White, 37 S.W.3d at 565. Issue three is overruled.

 Issue four complains that the trial court dismissed the petition without first allowing
Pohl to engage in discovery to support his claims. A trial court may dismiss a lawsuit filed
by an indigent inmate even before service of process if the court finds the claim is frivolous. 
Mullins v. Estelle High Sec. Unit, 111 S.W.3d 268, 271 (Tex. App.--Texarkana 2003, no
pet.); see Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon 2002). In this case,
Pohl failed to identify the operative facts of his previous litigation. He did not need to
conduct discovery to comply with Section 14.004. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.004. We overrule issue four.

 Issue five contends the trial court engaged in a pattern and practice of dismissing his
claims pursuant to Chapter 14, Texas Civil Practice and Remedies Code. Pohl argues that
this case and previous cases filed in the trial court by Pohl were "well plead." The trial court
did not abuse its discretion in dismissing this lawsuit without prejudice. The dismissals in
other cases cited by Pohl were likewise affirmed on appeal. See Pohl v. Simmons, No. 13-09-00406-CV, 2009 WL 3922018 (Tex. App.--Corpus Christi Nov. 19, 2009, no pet. h.) (mem.
op.); Pohl v. Polunsky Unit, No. 09-08-00367-CV, 2009 WL 3199766 (Tex. App.--Beaumont
Oct. 8, 2009, no pet.) (mem. op.); Pohl v. Chavers, No. 09-07-285 CV, 2007 WL 3393430
(Tex. App.--Beaumont Nov. 15, 2007, no pet.) (mem. op.). Although the trial court
dismissed several of Pohl's lawsuits, Pohl has not shown that the trial court erred. We
overrule issue five.

 Issue six contends the inherent political power of the people, the inviolate nature of
the rights granted in the bill of rights of the state constitution, and the statutory grant of
rulemaking authority to the Supreme Court prohibit the dismissal of Pohl's lawsuit. See Tex.
Const. Art. I, § 2 ("All political power is inherent in the people, and all free governments
are founded on their authority, and instituted for their benefit. The faith of the people of
Texas stands pledged to the preservation of a republican form of government, and, subject
to this limitation only, they have at all times the inalienable right to alter, reform or abolish
their government in such manner as they may think expedient."); Tex. Const. Art. I, § 29
("To guard against transgressions of the high powers herein delegated, we declare that
everything in this 'Bill of Rights' is excepted out of the general powers of government, and
shall forever remain inviolate, and all laws contrary thereto, or to the following provisions,
shall be void."); Tex. Gov't Code Ann. § 22.004(a) (Vernon Supp. 2009) ("The supreme
court has the full rulemaking power in the practice and procedure in civil actions, except that
its rules may not abridge, enlarge, or modify the substantive rights of a litigant."). 

 A litigant does not possess a "right" to file a frivolous lawsuit. See Hines v. Massey,
79 S.W.3d 269, 271 (Tex. App.--Beaumont 2002, no pet.); Thomas v. Bilby, 40 S.W.3d 166,
170-71 (Tex. App.--Texarkana 2001, no pet.). In this case, the trial court justifiably
determined the suit was frivolous because Pohl failed to state the operative facts of his prior
suits. See Hall, 39 S.W.3d at 724. Issue six is overruled. 

 The trial court's order of dismissal without prejudice is affirmed.

 AFFIRMED. 

 ____________________________

 DAVID GAULTNEY

 Justice

Submitted on February 11, 2010 

Opinion Delivered February 18, 2010


Before Gaultney, Kreger, and Horton, JJ.
1. The actual number for this mandamus proceeding is No. 09-07-284-CV. See In re
Pohl, No. 09-07-284 CV, 2007 WL 2002890 (Tex. App.--Beaumont Jul. 12, 2007, orig.
proceeding) (mem. op.). 
2. Pohl stated a date or date range for each of the suits, but failed to state what each date
represented. 
3. In addition, Pohl fails to identify all of the defendants in these cases. To comply with
Section 14.004, the affidavit must name each defendant in each case. See Carson v. Walker,
134 S.W.3d 300, 302 (Tex. App.--Amarillo 2003, pet. denied). The trial court's order does
not indicate that the trial court dismissed the suit for failure to comply with Section
14.004(a)(2)(C).