

# NUMBER 13-19-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI − EDINBURG

**FRED HOFFMAN, TDCJ #1662898,**                                    **Appellant,**

**v.**

**SGT. JAVIER MURO, ET AL.,**                                    **Appellees.**

### On appeal from the 156th District Court of Bee County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Longoria and Tijerina**
**Memorandum Opinion by Justice Tijerina**

Appellant Fred Hoffman, an inmate acting pro se, appeals the trial court's dismissal of his suit against appellees Sergeant Javier Muro, et al., who are employees of the Correctional Institutions Division of the Texas Department of Criminal Justice (TDCJ). By three issues, Hoffman contends that the trial court abused its discretion when it: (1)

accepted appellees' late brief challenging his lawsuit pursuant to chapter 14 of the Texas Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 14.002(a) (first issue); and (2) dismissed his case (second and third issues). We affirm.

## I. BACKGROUND

Hoffman filed a civil suit *in forma pauperis* alleging that appellees had improperly taken his property without providing compensation and had failed to investigate his claim during the grievance process. Hoffman further complained that another inmate was compensated after the inmate's personal property was taken by appellees. Hoffman sued appellees for (1) conversion; (2) breach of contract; (3) replevin and detinue; (4) breach of bailment; (5) common law fraud; (6) retaliation; (7) an equal protection violation; and (8) "participatory liability-assisting and encouraging." Hoffman sought injunctive and declaratory relief for his claims except conversion, and he sought monetary damages for all the claims.

The trial court dismissed Hoffman's suit because the suit was frivolous and did not comply with chapter 14. This appeal followed.

## II. STANDARD OF REVIEW & APPLICABLE LAW

Chapter 14 of the Texas Civil Practice and Remedies Code sets forth the procedural rules which govern inmate litigation. *Thomas v. Knight*, 52 S.W.3d 292, 294 (Tex. App.—Corpus Christi–Edinburg 2001, pet. denied); *see* TEX. CIV. PRAC. & REM. CODE ANN. §§ 14.001–.014. A prison inmate who files suit pro se and seeks to proceed *in forma pauperis* must comply with those procedural requirements or risk dismissal of his suit. *Brewer v. Simental*, 268 S.W.3d 763, 767 (Tex. App.—Waco 2008, no pet.).

A trial court's dismissal of a claim pursuant to chapter 14 is reviewed for an abuse of discretion. *Scott v. Menchaca*, 185 S.W.3d 543, 545 (Tex. App.—Corpus Christi–Edinburg 2006, no pet.). A trial court abuses its discretion if it acts arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985). "The mere fact that a trial judge may decide a matter within his discretionary authority in a different manner than an appellate judge in a similar circumstance does not demonstrate that an abuse of discretion has occurred." *Id.* at 242. We will affirm a dismissal if it was proper under any legal theory. *Johnson v. Lynaugh*, 796 S.W.2d 705, 706–07 (Tex. 1990) (per curiam); *Birdo v. Ament*, 814 S.W.2d 808, 810 (Tex. App.—Waco 1991, writ denied).

Trial courts have broad discretion in dismissing an inmate's suit because: (1) prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are ineffective; and (4) dismissing claims which lack merit benefits state officials, courts, and meritorious claimants. *Montana v. Patterson*, 894 S.W.2d 812, 814–15 (Tex. App.—Tyler 1994, no writ).

The trial court may dismiss a claim before or after service of process if the court finds that the claim is frivolous or malicious. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(a)(2); *Hickman v. Adams*, 35 S.W.3d 120, 123 (Tex. App.—Houston [14th Dist.] 2000, no pet.). The trial court may consider whether the inmate's current claim is substantially similar to a previous claim filed by the inmate, and if the claim arises out of the "same operative facts," it may dismiss the suit as frivolous. TEX. CIV. PRAC. & REM. CODE ANN. § 14.003(b)(4). To assist the trial court in making this determination, the

inmate is required to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought and stating the "operative facts" upon which relief was sought so that the trial court may determine whether the inmate's current suit is substantially similar to a previous suit filed. *Id.* § 14.004(a)(2)(A). "[T]he trial court is entitled to assume that the suit is substantially similar to one previously filed by the inmate, and therefore, frivolous" if the inmate files an affidavit or declaration that fails to comply with the requirements of § 14.004. *White v. State*, 37 S.W.3d 562, 564 (Tex. App.—Beaumont 2001, no pet.); *Bell v. Tex. Dep't. of Criminal Justice–Inst. Div.*, 962 S.W.2d 156, 158 (Tex. App.—Houston [14th Dist.] 1998, pet. denied).

### III.   DISCUSSION

By his second and third issues, Hoffman contends that the trial court abused its discretion by dismissing his suit.[1]

Although Hoffman filed an affidavit listing several suits he previously filed, he did not set out the operative facts of each of these previously filed lawsuits. Instead, he merely listed the causes of action that he claimed in his previous suits. Therefore, Hoffman failed to comply with the requirements of § 14.004, and the trial court was unable to determine whether Hoffman's suit in this cause had the same operative facts of his previous lawsuits. *See White*, 37 S.W.3d at 564; *Bell*, 962 S.W.2d at 158. Accordingly, the trial court was entitled to assume that the suit in this cause is substantially similar to a suit previously filed by Hoffman and therefore frivolous. *White*, 37 S.W.3d at 564; *Bell*, 962 S.W.2d at

---

[1] This Court received an amicus curiae brief from the Office of the Texas Attorney General recommending that we affirm the trial court's judgment in this case on several basis including that Hoffman failed to comply with § 14.004(a)(2)(A) by not setting out the operative facts of his previously filed lawsuits. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(2)(A).

4

158. We conclude that the trial court did not abuse its discretion by dismissing Hoffman's suit. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1), (2)(A); *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (explaining that "'the trial court is entitled to assume the [current action] is substantially similar to one previously filed by the inmate, and therefore, frivolous'" when the inmate fails to set out the operative facts of a previous lawsuit, and that "'a trial court may dismiss an indigent inmate's suit as frivolous . . . without holding a hearing when an inmate fails to comply with the statutory requirements of [§] 14.004'"); *see also Bramlett v. TDCJ*, No. 07-15-00076-CV, 2015 WL 1149907, at *1 (Tex. App.—Amarillo Mar. 13, 2015, no pet.) (mem. op.) ("The requirement to tender the affidavit specified by Chapter 14 of the Civil Practice and Remedies Code is mandatory, and the lack thereof is grounds for dismissal of the lawsuit."). We overrule Hoffman's second and third issues.[2]

## IV. CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA
Justice

Delivered and filed on the
15th day of April, 2021.

---

[2] By his first issue, Hoffman contends that the trial court abused its discretion by considering appellees' allegedly untimely brief arguing that his suit was frivolous for, among other things, failing to set out the operative facts of his previous lawsuits. But even if appellees never filed a brief, the trial court was required to ensure that Hoffman complied with the requisites of chapter 14, and as set out above, Hoffman failed to comply with them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 14.004(a)(1), (2); *Douglas v. Moffett*, 418 S.W.3d 336, 340 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We overrule Hoffman's first issue.