NO. 12-03-00194-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
RALPH O. DOUGLAS,                                      §                 APPEAL FROM THE 369TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

PEGGY MICKENS,
APPELLEE                                                        §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Ralph O. Douglas (“Douglas”), an inmate in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Peggy
Mickens (“Mickens”). Douglas appeals the trial court’s order dismissing his suit pursuant to Texas
Civil Practice and Remedies Code, section 14.003. Douglas raises two issues on appeal. We reform
and, as reformed, affirm.
 
Background
            Douglas is an inmate at TDCJ. While incarcerated, Douglas filed a civil suit against
Mickens, a TDCJ employee. In his lawsuit, Douglas alleges that Mickens, in retaliation for a
previous grievance filed against him by Douglas, failed to notify Douglas of his weekly visit. In
conjunction with his original petition, Douglas filed a declaration of previous lawsuits, in which he
designated eleven previously-filed actions. Along with each designation, Douglas set forth generally
the legal theories raised in each suit, but did not describe in detail the facts giving rise to each of the
suits.
            On June 17, 2003, without conducting a hearing, the trial court found that Douglas’s suit was
frivolous or malicious and dismissed it pursuant to Texas Civil Practice and Remedies Code, section
14.003. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first issue, Douglas argues that the trial court improperly dismissed his lawsuit without
specifying the underlying reasons.


 We review the trial court's dismissal of an in forma pauperis suit
under an abuse of discretion standard. Hickson v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco
1996, no writ). A trial court abuses its discretion if it acts arbitrarily, capriciously, and without
reference to any guiding rules or principles. Lentworth v. Trahan, 981 S.W.2d 720, 722 (Tex.
App.–Houston [1st Dist.] 1998, no pet.). We will affirm a dismissal if it was proper under any legal
theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex. 1990); Birdo v. Ament, 814 S.W.2d
808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts are given broad discretion to
determine whether a case should be dismissed because: (1) prisoners have a strong incentive to
litigate; (2) the government bears the cost of an in forma pauperis suit; (3) sanctions are not
effective; and (4) the dismissal of unmeritorious claims accrue to the benefit of state officials, courts,
and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex. App.–Tyler
1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2002). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Douglas filed a declaration listing
eleven previous lawsuits he filed, but failed to sufficiently set forth in detail the “operative facts”
upon which relief was sought in each suit. Rather, Douglas did little more than address what legal
theories were raised in his previous suits. Without a more detailed description of the operative facts
surrounding Douglas's previous lawsuits, the trial court was unable to consider whether Douglas's
current claim was substantially similar to his previous claims. See Bell v. Texas Dep't of Criminal
Justice–Inst. Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).
            The Beaumont Court of Appeals addressed this very issue in White v. State, 37 S.W.3d 562
(Tex. App.–Beaumont 2001, no writ). In White, the court held that “White’s description of the
‘operative facts’ in each prior suit is, in effect, a designation of a legal theory, not a statement of the
‘operative facts’ of the case.” Id. at 564. The court continued, “[B]ased on the listing [White] has
submitted, it is impossible for the trial court to determine for example, whether the five suits labeled
as ‘due process violations’ are duplicative of the present case.” Here, as in White, Douglas’s
classification of his three previous suits by the legal theories raised therein do little to enable the trial
court to determine, in each case, if his present action is substantially similar to his previous lawsuits.
            When an inmate files an affidavit or declaration which fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Douglas's suit. Id. Douglas’s
first issue is overruled.
 
Due Process and Dismissal With Prejudice
            In his second issue, Douglas contends that the trial court violated his right to due process by
dismissing his lawsuit without permitting him to present evidence and make arguments in support
of his claim. Section 14.003(c) of the Texas Civil Practice and Remedies Code provides as follows:
 
In determining whether [to dismiss a suit under section 14.003], the court may hold a hearing. The
hearing may be held before or after service of process, and it may be held on motion of the court, a
party, or the clerk of the court.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) (emphasis added); Thomas v.
Wichita Gen. Hosp., 952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied). The plain
language of the statute indicates that the court’s determination to hold a hearing is discretionary. 
Thomas, 952 S.W.2d at 938; see also Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex.
App.–Corpus Christi 2002, no pet.). Thus, it was not mandatory that the court conduct a hearing to
decide whether Douglas’s suit should be dismissed as frivolous. See id. 
            Moreover, dismissals for failure to comply with Section 14.004 have been held not to violate
an inmate’s due process rights. See Spellmon v. Zeller, No. 09-02-060-CV, 2002 WL 31096753,
at *2 (Tex. App.–Beaumont September 19, 2002, pet. denied) (not released for publication). 
However, the underlying rationale for such a holding is that a dismissal for failure to comply with
Section 14.004 is a dismissal without prejudice and, therefore, does not adjudicate the merits of the
plaintiff’s claim. Id.
            Here, the trial court dismissed Douglas’s claim with prejudice.


 A dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. 
See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex. 1999). Thus, orders dismissing cases with
prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the
same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp., 837
S.W.2d 627, 630-31 (Tex. 1992). On the other hand, a dismissal for failure to comply with the
conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's
discretion under chapter 14 of the Civil Practice and Remedies Code. See Thomas v. Knight, 52
S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, no pet.); Hickman v. Adams, 35 S.W.3d 120, 124
(Tex. App.-Houston [14th Dist.] 2000, no pet.). Further, a dismissal with prejudice is improper if
the plaintiff's failure can be remedied. See Hickman, 35 S.W.3d at 125. 
            The Corpus Christi Court of Appeals addressed this issue in Thomas v. Skinner, 54 S.W.3d
845 (Tex. App.–Corpus Christi 2001, pet. denied). Thomas’s lawsuit was dismissed pursuant to
chapter 14 because Thomas failed to include an affidavit or declaration describing each suit that he
had previously filed. Id. at 846. Holding that the dismissal with prejudice was improper, the court
stated:
 
When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's
suit, it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. (citation omitted). In the present
case, we find that Thomas's failure to comply with chapter 14 could have been remedied through
amendment. Therefore, we sustain Thomas's first issue. 


Id. at 847. In the case at hand, Douglas's error, like Thomas’s, could have been remedied through
more specific pleading. Therefore, we hold that the trial court's order dismissing Douglas’s lawsuit
with prejudice was improper. The trial court’s order will be reformed to reflect a dismissal of 
Douglas’s lawsuit “without prejudice.” As a dismissal without prejudice, we hold that such an order
does not violate Douglas’s right to due process. Douglas’s second issue is overruled. 
 
Conclusion
            The trial court’s dismissal of Douglas’s suit with prejudice was improper. We reform the
trial court's order of dismissal by deleting the words “with prejudice” and substituting in their place
the words “without prejudice.” Having overruled Douglas’s issues one and two, we affirm the trial
court’s dismissal order as reformed.
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
Opinion delivered May 28, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

(PUBLISH)