NO. 12-03-00141-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

 
WILLIAM ESPINOZA PENA,                           §               APPEAL FROM THE 369TH
APPELLANT

 
V.                                                                          §               JUDICIAL DISTRICT COURT OF

DAVID MCDOWELL, AND IN HIS
OFFICIAL CAPACITY, ET AL.,
APPELLEES                                                       §               ANDERSON COUNTY, TEXAS

 

 
MEMORANDUM OPINIONWilliam Espinoza Pena (“Pena”), an inmate in the Texas Department of Criminal Justice-Institutional Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against David
McDowell (“McDowell”), Lennis R. Nichols (“Nichols”), Elwin E. Hogan (“Hogan”), Stacy Johnson
(“Johnson”), Traci L. Shirey (“Shirey”), Raymond E. Thompson (“Thompson”), and TDCJ. Pena
appeals the trial court’s order dismissing his suit pursuant to Texas Civil Practice and Remedies Code,
section 14.003. Pena raises two issues on appeal. We reform and, as reformed, affirm.
 
Background
            Pena is an inmate and self-proclaimed “jailhouse lawyer.” While incarcerated, Pena filed a
civil suit against TDCJ and TDCJ correctional officers McDowell, Nichols, Hogan, Johnson, and
Thompson (collectively “Appellees”) alleging that McDowell forced him to move hundreds of pounds
worth of his personal belongings and legal records during a cell transfer. Pena contends that
McDowell repeatedly threatened to spray Pena with mace if he did not comply with his demands that
Pena move all the items at once and refused to permit Pena to use a cart to move the items. Pena
further alleges that other officers did nothing to stop McDowell’s wrongful acts, and as a result, Pena
claims, he suffered injuries to his spine. By his suit, Pena sought monetary damages from Appellees
for their alleged negligence in an amount in excess of one hundred million dollars. In conjunction with
his original petition, Pena also filed a declaration of previous lawsuits, in which he designated two
previously-filed actions, but did not describe in detail the facts giving rise to each of the suits.
            On February 18, 2003, without conducting a hearing, the trial court found that Pena’s suit was
frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and Remedies
Code, section 14.003. This appeal followed.

Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his third issue, Pena argues that the trial court's dismissal was improper. We review the trial
court's dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson v. Moya,
926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion if it acts
arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth v.
Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07 (Tex.
1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial courts
are given broad discretion to determine whether a case should be dismissed because (1) prisoners have
a strong incentive to litigate; (2) the government bears the cost of an in forma pauperis suit; (3)
sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues to the benefit of state
officials, courts, and meritorious claimants. See Montana v. Patterson, 894 S.W.2d 812, 814-15 (Tex.
App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an inmate
in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.


 Tex. Civ.
Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2002); Hickson, 926 S.W.2d at 398. Section 14.003
provides that a trial court may dismiss a claim before or after service of process if the court finds that
the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann. § 14.003(a)(2) (Vernon
2002). In determining whether a claim is frivolous or malicious, a trial court may consider whether
the claim is substantially similar to a previous claim filed by the inmate because the claim arises out
of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial court to determine whether the
suit is substantially similar to a previous one, an inmate is required to file a separate affidavit or
unsworn declaration describing all other suits the inmate has brought and stating the “operative facts”
upon which relief was sought. Id. at § 14.004(a)(2)(A).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Pena filed a declaration listing
previous lawsuits filed, but failed to set forth in detail the “operative facts” upon which relief was
sought in each suit. Without a detailed description of the operative facts surrounding Pena's previous
lawsuits, the trial court was unable to consider whether Pena's current claim was substantially similar
to his previous claims. See Bell v. Texas Dep't. of Criminal Justice–Inst. Div., 962 S.W.2d 156, 158
(Tex. App.–Houston [14th Dist.] 1998, pet. denied).
            The Beaumont Court of Appeals addressed a similar issue in White v. State, 37 S.W.3d 562
(Tex. App.–Beaumont 2001, no pet.). In White, the court held that “White’s description of the
‘operative facts’ in each prior suit is, in effect, a designation of a legal theory, not a statement of the
‘operative facts’ of the case.” Id. at 564. The court continued, “[B]ased on the listing [White] has
submitted, it is impossible for the trial court to determine for example, whether the five suits labeled
as ‘due process violations’ are duplicative of the present case.” Here, Pena failed to offer any
description of operative facts underlying his prior suits, thereby wholly failing to enable the trial court
to determine, in each case, if his present action is substantially similar to his previous lawsuits.
            When an inmate files an affidavit or declaration that fails to comply with the requirements of
section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Pena's suit. Id. Pena’s third
issue is overruled.
 
Hearing
            In his first and second issues, Pena contends that the trial court erred in not conducting a
hearing prior to dismissing his case. Pena further contends that such denial deprived him of his rights
of due process and equal protection. Section 14.003(c) of the Texas Civil Practice and Remedies Code
provides as follows:
 
In determining whether [to dismiss a suit under section 14.003], the court may hold a hearing. 
The hearing may be held before or after service of process, and it may be held on motion of the
court, a party, or the clerk of the court.


Tex. Civ. Prac. & Rem. Code Ann. § 14.003(c) (Vernon 2002) (emphasis added); Thomas v. Wichita
Gen’l Hosp., 952 S.W.2d 936, 938 (Tex. App.–Fort Worth 1997, pet. denied). The plain language of
the statute indicates that the court’s determination to hold a hearing is discretionary. Thomas, 952
S.W.2d at 938; see also Spurlock v. Schroedter, 88 S.W.3d 733, 736 (Tex. App.– Corpus Christi
2002, no pet.). Thus, it was not mandatory that the court conduct a hearing to decide whether Pena’s
suit should be dismissed as frivolous. See id. 
            Moreover, dismissals for failure to comply with Section 14.004 have been held not to violate
an inmate’s due process rights. See Spellmon v. Zeller, No. 09-02-060-CV, 2002 WL 31096753, at
*2 (Tex. App.–Beaumont September 19, 2002, pet. denied) (not designated for publication). However,
the underlying rationale for such a holding is that a dismissal for failure to comply with Section 14.004
is a dismissal without prejudice and, therefore, does not adjudicate the merits of the plaintiff’s claim. 
Id.
            Here, the trial court dismissed Pena’s claim with prejudice.


 A dismissal with prejudice
constitutes an adjudication on the merits and operates as if the case had been fully tried and decided. 
See Ritchey v. Vasquez, 986 S.W.2d 611, 612 (Tex.1999). Thus, orders dismissing cases with
prejudice have full res judicata and collateral estoppel effect, barring subsequent relitigation of the
same causes of action or issues between the same parties. See Barr v. Resolution Trust Corp., 837
S.W.2d 627, 630-31 (Tex.1992). On the other hand, a dismissal for failure to comply with the
conditions in section 14.004 is not a dismissal on the merits, but rather an exercise of the trial court's
discretion under chapter 14 of the Civil Practice and Remedies Code. See Thomas v. Knight, 52
S.W.3d 292, 295 (Tex. App.–Corpus Christi 2001, no pet.); Hickman v. Adams, 35 S.W.3d 120, 124
(Tex. App.–Houston [14th Dist.] 2000, no pet.). Further, a dismissal with prejudice is improper if the
plaintiff's failure can be remedied. See Hickman, 35 S.W.3d at 125. 
            The Corpus Christi Court of Appeals addressed this issue in Thomas v. Skinner, 54 S.W.3d
845 (Tex. App.–Corpus Christi 2001, pet. denied). Thomas’s lawsuit was dismissed pursuant to
chapter 14 because Thomas failed to include an affidavit or declaration describing each suit that he
had previously filed. Id. at 846. Holding that the dismissal with prejudice was improper, the court
stated as follows:
 
When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's suit,
it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. (citation omitted). In the present case,
we find that Thomas's failure to comply with chapter 14 could have been remedied through amendment.
Therefore, we sustain Thomas's first issue. 


Id. at 847. In the case at hand, Pena’s error, like Thomas’s, could have been remedied through more
specific pleading. Therefore, we hold that the trial court's order dismissing Pena’s lawsuit with
prejudice was improper. See Douglas v. Mickens, No. 12-03-00194-CV, 2004 WL 1192470, at *3
(Tex. App.–Tyler May 28, 2004, no pet.). Accordingly, we reform to reflect a dismissal of Pena’s
lawsuit “without prejudice.” As a dismissal without prejudice, we hold that such an order does not
violate Pena’s right to due process. Pena’s issues one and two are overruled. 

Conclusion
            The trial court’s dismissal of Pena’s suit with prejudice was improper. We reform the trial
court's order of dismissal by deleting the words “with prejudice” and substituting in their place the
words “without prejudice.” Having overruled Pena’s issues one, two, and three, we affirm the trial
court’s dismissal order as reformed.

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice

Opinion delivered October 29, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.

(PUBLISH)