NO. 12-04-00081-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
ROBERT KING CONWAY, JR.,                       §                 APPEAL FROM THE 369TH
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

RAYNALDO CASTRO, ET AL,
APPELLEES                                                      §                 ANDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Robert King Conway, Jr., an inmate in the Texas Department of Criminal Justice-Institutional
Division (“TDCJ”), proceeding pro se, filed an in forma pauperis suit against Raynaldo Castro,
Richard Schwab, Marvin George, and Larry McCoy. Conway appeals the trial court’s order
dismissing his suit pursuant to Texas Civil Practice and Remedies Code, section 14.003. Conway
raises two issues on appeal. We modify and, as modified, affirm.
 
Background
            Conway is an inmate at the Mark W. Michael Unit in Tennessee Colony, Texas. While
incarcerated, Conway filed a civil suit against Castro, a TDCJ senior warden, and Schwab, George,
and McCoy, all food service managers of the Michael Unit (collectively “Appellees”). In his lawsuit,
Conway alleges that as a member of the “House of Yahweh,” he never eats meat products “such as
cheese, milk and eggs, except on the Sabbath, Friday at sundown to Saturday at sundown, and other
religious holidays and festivals where the eating of meat is allowed.” Conway professes to be a strict
vegetarian at all other times. 
            At approximately 9:40 a.m. on October 31, 2003, Conway attempted to obtain a “vegan (meat
free)” meal from McCoy and George at the food service area. Conway alleges that after asking for
a vegan meal, Schwab told him “that it did not matter that [he] could eat cheese or go hungry.” 
Conway also alleges that every time pork has been served since October 31, he has been denied a
meat replacement to meet his religious needs.


 By denying him this replacement, Conway argues
that Appellees are liable for depriving Conway of his right to be free from cruel and unusual
punishment under the Fourteenth and Eighth Amendments of the United States Constitution. In
conjunction with his original petition, Conway also filed a declaration of previous lawsuits, in which
he designated one previously-filed action and four pending actions. Along with each designation,
Conway set forth generally the legal theories raised in each suit, but did not describe in detail the
facts giving rise to each of the suits.
            On February 12, 2004, without conducting a hearing, the trial court found that Conway’s suit
was frivolous or malicious and dismissed it with prejudice pursuant to Texas Civil Practice and
Remedies Code, section 14.003. This appeal followed.
 
Dismissal Pursuant to Texas Civil Practice and Remedies Code Chapter 14
            In his first issue, Conway argues that the trial court's dismissal was improper. We review the
trial court's dismissal of an in forma pauperis suit under an abuse of discretion standard. Hickson
v. Moya, 926 S.W.2d 397, 398 (Tex. App.–Waco 1996, no writ). A trial court abuses its discretion
if it acts arbitrarily, capriciously, and without reference to any guiding rules or principles. Lentworth
v. Trahan, 981 S.W.2d 720, 722 (Tex. App.–Houston [1st Dist.] 1998, no pet.). We will affirm a
dismissal if it was proper under any legal theory. Johnson v. Lynaugh, 796 S.W.2d 705, 706-07
(Tex. 1990); Birdo v. Ament, 814 S.W.2d 808, 810 (Tex. App.–Waco 1991, writ denied). The trial
courts are given broad discretion to determine whether a case should be dismissed because (1)
prisoners have a strong incentive to litigate; (2) the government bears the cost of an in forma
pauperis suit; (3) sanctions are not effective; and (4) the dismissal of unmeritorious claims accrues
to the benefit of state officials, courts, and meritorious claimants. See Montana v. Patterson, 894
S.W.2d 812, 814-15 (Tex. App.–Tyler 1994, no writ).
            Chapter 14 of the Texas Civil Practice and Remedies Code controls suits brought by an
inmate in which the inmate has filed an affidavit or unsworn declaration of inability to pay costs.



Tex. Civ. Prac. & Rem. Code Ann. § 14.002(a) (Vernon 2004); Hickson, 926 S.W.2d at 398.
Section 14.003 provides that a trial court may dismiss a claim before or after service of process if
the court finds that the claim is frivolous or malicious. See Tex. Civ. Prac. & Rem. Code Ann.
§ 14.003(a)(2) (Vernon 2004). In determining whether a claim is frivolous or malicious, a trial court
may consider whether the claim is substantially similar to a previous claim filed by the inmate
because the claim arises out of the “same operative facts.” Id. at § 14.003(b)(4). To enable a trial
court to determine whether the suit is substantially similar to a previous one, an inmate is required
to file a separate affidavit or unsworn declaration describing all other suits the inmate has brought
and stating the “operative facts” upon which relief was sought. Id. at § 14.004(a)(2)(A).
            In the case at hand, the record contains no affidavits or unsworn declarations in compliance
with Texas Civil Practice and Remedies Code, section 14.004. Conway filed a declaration listing
previous lawsuits filed, but failed to sufficiently set forth in detail the “operative facts” upon which
relief was sought in each suit. Rather, Conway did little more than address what legal theories were
raised in his previous suits. Conway even acknowledged in his brief that the list of operative facts
in his lawsuit are “kinda skimpy.” Without a more detailed description of the operative facts
surrounding Conway's previous lawsuits, the trial court was unable to consider whether Conway's
current claim is substantially similar to his previous claims. See Bell v. Texas Dep't of Criminal
Justice–Inst. Div., 962 S.W.2d 156, 158 (Tex. App.–Houston [14th Dist.] 1998, pet. denied).
            The Beaumont Court of Appeals addressed this very issue in White v. State, 37 S.W.3d 562
(Tex. App.–Beaumont 2001, no pet.). In White, the court held that “White’s description of the
‘operative facts’ in each prior suit is, in effect, a designation of a legal theory, not a statement of the
‘operative facts’ of the case.” Id. at 564. The court continued, “[b]ased on the listing [White] has
submitted, it is impossible for the trial court to determine, for example, whether the five suits labeled
as ‘due process violations’ are duplicative of the present case.” Here, as in White, Conway’s
classifications of his one previous suit and four ongoing suits as a “§ 1983 action,” a “28 USCA
§ 2254 action,” or a “§ 1983 and common law tort claim” respectively do little to enable the trial
court to determine, in each case, if his present action is substantially similar to his previous lawsuits.



            When an inmate files an affidavit or declaration that fails to comply with the requirements
of section 14.004, “the trial court is entitled to assume that the suit is substantially similar to one
previously filed by the inmate, and therefore, frivolous.” Bell, 962 S.W.2d at 158. Accordingly, we
hold that the trial court did not abuse its discretion when it dismissed Conway's suit. Id. Conway’s
first issue is overruled.
 
Dismissal With Prejudice
            In his second issue, Conway contends that it was improper for the trial court to dismiss his
action with prejudice. A dismissal with prejudice constitutes an adjudication on the merits and
operates as if the case had been fully tried and decided. See Ritchey v. Vasquez, 986 S.W.2d 611,
612 (Tex. 1999). Thus, orders dismissing cases with prejudice have full res judicata and collateral
estoppel effect, barring subsequent relitigation of the same causes of action or issues between the
same parties. See Barr v. Resolution Trust Corp., 837 S.W.2d 627, 630-31 (Tex. 1992). On the
other hand, a dismissal for failure to comply with the conditions in section 14.004 is not a dismissal
on the merits, but rather an exercise of the trial court's discretion under chapter 14 of the Civil
Practice and Remedies Code. See Thomas v. Knight, 52 S.W.3d 292, 295 (Tex. App.–Corpus
Christi 2001, no pet.); Hickman v. Adams, 35 S.W.3d 120, 124 (Tex. App.–Houston [14th Dist.]
2000, no pet.). Further, a dismissal with prejudice is improper if the plaintiff's failure can be
remedied. See Hickman, 35 S.W.3d at 125. 
            The Corpus Christi Court of Appeals addressed this issue in Thomas v. Skinner, 54 S.W.3d
845 (Tex. App.–Corpus Christi 2001, pet. denied). Thomas’s lawsuit was dismissed pursuant to
chapter 14 because Thomas failed to include an affidavit or declaration describing each suit that he
had previously filed. Id. at 846. Holding that the dismissal with prejudice was improper, the court
stated as follows: 
 
 When an appellate court reviews whether a trial court abused its discretion in dismissing an inmate's
suit, it should consider whether the suit was dismissed with prejudice and if so, determine whether the
inmate's error could be remedied through more specific pleading. (citation omitted). In the present
case, we find that Thomas's failure to comply with chapter 14 could have been remedied through
amendment. Therefore, we sustain Thomas's first issue. 


Id. at 847. In the case at hand, Conway's error, like Thomas's, could have been remedied through
more specific pleading. Therefore, we hold that the trial court's dismissal with prejudice was
improper. Conway's second issue is sustained.
 
Conclusion
            Having sustained Conway’s second issue and having overruled his first issue, we modify the
trial court's order of dismissal by deleting the words “with prejudice” and substituting in their place
the words “without prejudice.” As modified, we affirm the trial court's dismissal order.
 
 
 
                                                                                                    DIANE DEVASTO 
                                                                                                                 Justice
 
 
Opinion delivered December 30, 2004.
Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.


(PUBLISH)